```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
TARELL T. HOLLOWAY,

                    Plaintiff,
                                           MEMORANDUM & ORDER
          -against-                        19-CV-1819(JS)(GRB)

SUFFOLK COUNTY CORRECTIONAL FACILITY,
ERROL TOULON, JR., Sheriff,

                    Defendants.
----------------------------------X
TARELL T. HOLLOWAY,

                    Plaintiff,

          -against-                        19-CV-1895(JS)(GRB)

SUFFOLK COUNTY CORRECTIONAL FACILITY,
ERROL TOULON, JR., Sheriff,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Tarell T. Holloway, pro se
                    483024
                    821 E. Main Street, # B2
                    Riverhead, New York 11901

                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, New York 11901[1]

For Defendants:     No appearances.
```

---

[1] The Court notes that Plaintiff's address of record in each of these Complaints is different. However, mail sent to Plaintiff at Suffolk County Correctional Facility address on April 11, 12, 24, and 25, 2019, has been returned to the Court marked "Return to Sender", "Undeliverable", "Unable to Forward", and "Discharged."

SEYBERT, District Judge:

On March 29, 2019, Tarell T. Holloway ("Plaintiff") filed a pro se Complaint together with an application to proceed in forma pauperis. However, Plaintiff did not file the required Prisoner Litigation Authorization form ("PLRA"). Accordingly, by Notice of Deficiency dated April 2, 2019, Plaintiff was instructed to complete and return the enclosed PLRA within fourteen (14) days in order for his case to proceed.

On April 1, 2019, Plaintiff filed another Complaint in this Court against the same Defendants as his March 29th Complaint and alleging the same claims, together with an application to proceed in forma pauperis. Again, Plaintiff did not file a PLRA with the Complaint. Accordingly, by Notice of Deficiency dated April 2, 2019, Plaintiff was instructed to complete and return the enclosed PLRA within fourteen (14) days in order for his case to proceed.

The Court's Notices were sent to Plaintiff's address of record in each case. However, the Notices sent to Plaintiff at the Suffolk County Correctional Facility were returned to the Court and were marked "Undeliverable", "Discharged", "Return to Sender" and "Unable to Forward." To date Plaintiff has not filed the completed PLRA forms, nor has he updated his address or otherwise communicated with the Court since April 1, 2019. However, because

2

Plaintiff provided a residential address in his case assigned 19-CV-1819, and mail sent to Plaintiff there has not been returned, the Court presumes this to be his current address and DIRECTS the Clerk of the Court to update his address of record in the case assigned docket number 19-CV-1895 to the residential address provided in 19-CV-1819. And, since Plaintiff is not incarcerated, the PLRA forms are not required.

Upon review of the declarations in support of the applications to proceed in forma pauperis, the Court finds that Plaintiff is qualified by his financial status to commence these actions without prepayment of the filing fee. Accordingly, Plaintiff's applications to proceed in forma pauperis are GRANTED.

Pursuant to the Court's January 23, 2012 Order of Consolidation in Butler, et al. v. DeMarco, et al., No. 11-CV-2602 (JS)(GRB) (the "Consolidated Action"), the Court has reviewed the instant Complaints and finds that they relate to the subject matter of the Consolidated Action. (Order of Consol., Consol. Action Docket Entry 327.) Accordingly, these actions shall be consolidated with the Consolidated Action. This affects Plaintiff in the following ways:

1. Plaintiff in this action shall become a member of the certified classes in Butler (11-CV-2602);[2]

---

[2] The classes are defined as follows:

2. Any claims in the instant Complaint that are not included in the Consolidated Amended Complaint in Butler shall be severed (see Order of Consol. at 17 (describing the process for proceeding with any severed claims after the resolution of the Consolidated Action)); and

3. Plaintiff, as a member of the class, shall be represented by pro bono counsel, Shearman & Sterling LLP.[3]

---

> (1) [A]n Injunctive Class comprised of all persons who, now or at any time in the future, are or will be detainees or prisoners in the custody of the Suffolk County Sheriff's Department and housed in the SCCF [Suffolk County Correctional Facility], with separate subclasses for those persons detained in Riverhead and Yaphank; and
>
> (2) [A] Damages Class comprised of all persons who are or were detainees or prisoners in the custody of the Suffolk County Sheriff's Department and housed in the SCCF and who were or will be released from the SCCF on or after April 5, 2009, with separate subclasses for those persons detained in Riverhead and Yaphank.

(See Aug. 29, 2016 Order, Consol. Action Docket Entry 428, at 2-3.)

On August 29, 2016, this Court in the Consolidated Action adopted Magistrate Judge Gary R. Brown's Report and Recommendation and granted the Defendants' cross motion to amend the class definitions to "exclude all Suffolk County Correctional Facility inmates 'who were or have been housed exclusively at the new jail facility in Yaphank, New York.'" (Aug. 29, 2016 Order at 3-5.)

[3] Counsel's mailing address is:

>Daniel Hector Rees LaGuardia
>Shearman & Sterling

4

A copy of the Order of Consolidation and the operative complaint in <u>Butler</u>--the Consolidated Amended Complaint (Consol. Am. Compl., Consol. Action, Docket Entry 334)--are annexed to this Order.

If Plaintiff does **not** wish to proceed as a member of the Consolidated Action, he must so indicate in a letter to the Court within thirty (30) days of receiving a copy of this Order. Upon receipt of such a letter, the Court will direct the Clerk of the Court to sever these Complaints from the Consolidated Amended Complaint and reopen and reinstate his individual <u>pro se</u> actions.

For the foregoing reasons, Plaintiff's applications to proceed <u>in forma pauperis</u> are GRANTED and the Clerk of the Court is directed to CONSOLIDATE this matter with <u>Butler, et al. v. DeMarco, et al.</u>, No. 11-CV-2602; to mail a copy of this Order, the Order of Consolidation, and the Consolidated Amended Complaint to Plaintiff at his last known address; and to mark these cases CLOSED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is DENIED for the purpose

---

  599 Lexington Avenue
  New York, NY 10022

Counsel's telephone number is: (212)848-4000.

of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June __24__, 2019
       Central Islip, New York